The next case on our docket Noel Mejia Hernandez versus Merrick Garland has been submitted on the briefs The case of Marthico Muldrow versus Attorney General for the state of Arizona Ryan Thornhill has also been submitted on the briefs the next case for oral argument is Eric Wright versus Kristen Mays It should be noted on the day sheet. It says Mark Brnovich, but I think it should be Changed to Kristen Mays. Is that correct? Is that the current Attorney General? Yes. Yes, Your Honor So you may Proceed Thank you, Your Honor May it please the court. I am Daniel Kaplan. I represent the appellant Eric Wright I will watch the clock and attempt to save about two minutes for my rebuttal In Mr. Wright's state court trial for unlawful drug possession The prosecutor used a peremptory strike to remove Mr. Wright's one chance of seeing a fellow African-american sitting on his jury When trial defense counsel raised a batson challenge the prosecutor gave two reasons to race neutral reasons for that strike The first was a reason that applied also to a white male Prospective jury number one who was not questioned by the prosecutor and not struck and served on the jury The second reason was one that was so inscrutable and unclear That the state has struggled through the course of this case to try to explain what he meant The trial judge nevertheless summarily denied the batson objection the Arizona Court of Appeals affirmed that denial and Mr. Wright is seeking relief through habeas corpus The district court in the habeas case applied deference under AEDPA and found that the Court of Appeals decision was not unreasonable The district court erred in applying AEDPA deference and it erred in finding the decision was not unreasonable even if AEDPA deference applies Mr. Kaplan, your time is limited here Why should we conclude that the Arizona Court of Appeals failed to adjudicate this case or his claim on the merits because the Court of Appeals misrepresented or recast his substantive batson argument Which is the argument at step three of batson that the reason given by the prosecutor was pretextual Recast that as an argument that the prosecutor failed at step two of batson to articulate a race-neutral reason. Why does that matter? Well, it matters because there's a body of case law Cases like Tarango and Echeverria and Brewster that I've cited in my in my reply brief that say When the court of when a state court is clear about its rationale and the explanation it gives shows that it didn't reach a certain issue Then the habeas court will take the state court at its work When the analysis shows they didn't reach the key issue the actual argument It's clear. They didn't adjudicate that on the merits under AEDPA. Well, isn't it clear that they adjudicated the claim? I know Arguments are different from claims. So it isn't it clear that they adjudicated the claim for on the Arizona Court of Appeals? I mean they spent two pages Talking about that claim I believe and Just trying to figure out what's your best best case and for dissecting It seems like the the argument from the claim as you're doing here I would say my best case for this particular issue is Whedon versus Johnson which is cited in my opening brief, and that's a case where there was a Strickland claim and the state court acknowledged that the Ninth Circuit Noted that the state court acknowledged the prejudice part of Strickland But still said you can look at what they said about Strickland and it's clear. They didn't reach the prejudice prong Therefore prejudice under Strickland was not adjudicated on the merits And they also pointed out that even if you could say the state court did Reach the Strickland prejudice the legal analysis they applied was clearly wrong under Supreme Court precedent So it's really two sides of the same coin if you could say the state court of appeals here adjudicated the step three Batson issue they clearly applied the wrong legal standard because Articulating or facially race neutral reason is not what satisfies step three of Batson. That's clear to everyone. It seems like in Whedon though There was some error or specter of speculation Here, I don't think it's mere speculation that the Arizona Court of Appeals Discussed the third Batson prongs And it Nor is there any contention that there isn't a court of appeals applied the wrong legal standard at least for my review And I wanted to give you ample opportunity to I'll respectfully dispute what you just said I 100% Argue that they did not apply the right legal step. They applied the wrong legal standard They applied a step two Batson legal standard to a step three claim But I'm happy to turn to assuming it book. Okay, assuming it applies It still was an unreasonable determination The first reason the prosecutor gave was and these were the words he used Juror African American juror 43 returned a not guilty verdict in a criminal case. Those were the words not fully acquitted Returned to not guilty verdict and it's undisputed here that what juror one said about his prior jury service Although it wasn't crystal clear Indicates one at least one not guilty verdict, you know We get a lot of Batson litigation both on direct appeal and through habeas and sometimes you get the impression that prosecutors come to Batson challenges with a book of acceptable Non-pretextual reasons for having exercise a preemptory strike here It was exercised because the Person had been Sat on a jury and returned a not guilty verdict. What is pretextual about that? The fact that he had no concern about white male juror one who returned a not guilty verdict That's the main problem. That wasn't Sure number one somewhat distinguishable from juror 43 Well not in the not in the reason that the prosecutor gave the reason the prosecutor gave was returned a not guilty verdict and he's exactly the same as Far as that and and it's only what the prosecutor said that matters projecting back and trying to Come up with better and different rationales for the prosecutor. The Supreme Court and Miller L has made clear. That's not how we do But mr. Kaplan when we're talking about whether the reason was preemptive pretextual and we're Deferring first to the district court and then we're doing so under the second section to Unreasonable determination of the facts as double layers of deference Why wouldn't we give the benefit of the doubt to the people who are in the courtroom? observing the prosecutors explanation for pretext if the trial court has said I'm making a judgment based upon the prosecutors demeanor or the prosecutor has said something about juror one's demeanor and I am crediting that That would be a different story in Snyder versus, Louisiana. The Supreme Court said You can't just come up with demeanor as you know, the justification for a Batson challenge after the fact if there's no finding on the record, so As a general matter when things like demeanor and things that happen in the courtroom are cited and on the record as a Justification there's a certain amount of deference that would apply here. It was just a simple fact. He said This one this this african-american Potential juror returned a not guilty verdict in a criminal case We can look at the record and see a white male juror did the same thing and not only was he not struck He didn't ask a single question, but that is a fact. It may be simple or otherwise it is a fact reviewable for clear error in the district in the trial court and the Finding of pretext. Is that not? Yes, it's considered a factual finding but the factual finding is clearly erroneous and affirming it is unreasonable when the record clearly shows that it was a Rationale that applied equally to a white male non-struck non-questioned juror Well, but let's go back because in this case the judge did a lot of the questioning initially I believe and then So it wasn't the prosecutor who elicited that that response or If I recall correctly and you correct me if I'm if I'm not recalling it correctly But I think fundamentally What might be different here is that juror number one? Was it was he sufficiently analogous, you know to juror 43 for the comparative juror analysis to take place because it looks like regarding juror number one He had a split verdict in the trial that he had there was a guilt He had served on a prior jury that involved a murder and When the trial judge asked about the bird juror one indicated that the murder was guilty and the assault was split because assault and and that battery and then There's you know some differing contentions I guess on what juror one could have meant but But in any case a split verdict is different from a not guilty verdict, isn't it? Again I have to respectfully disagree a split verdict when there's multiple charges means there's a not guilty and there's a guilty and Returning a not guilty verdict is the is the justification the prosecutor gave I would like to save a little bit of my time if I could for a vote. Yeah, I'll give you a little bit sure I Please the court Eliza Ibarra representing Chris Mays and respondents Federal habeas courts reviewing state court court decisions have to give them the benefit of the doubt The state court decision has to be not merely wrong, but actually unreasonable for right to prevail here If reasonable minds reviewing the record could disagree about whether the prosecutor was secretly motivated by race Then that's not enough under Ed has doubly deferential standard of review And most of Wright's arguments are a little bit But I guess speculative In the sense that they involve like well how many questions were asked to this juror or that juror? except for one of them the comparison between juror 27 or excuse me juror 1 and juror 43 but It's not surprising that juror 43 the black juror was asked more questions by the prosecutor Because juror 43 was the only juror on the entire jury who had served on three prior prior juries and I went through the transcript to make sure that was right and Juror three served on three trials, and if you're the prosecutor and you're looking at this You know what you want your fair and impartial jury, and you also want a jury that's going to be receptive to your case and So when you you hear that one of the jurors has sat on three prior juries you think okay This might be the foreman for my case, and you're naturally more curious About what happened in these prior juries? And in fact when you look at what you're offering thoughts now that the prosecutor didn't offer at the time Well if you actually go back and look at the way the prosecutor questioned or 43 He actually asked him if he'd been a foreman before That was for the the first DUI conviction And then when he when juror 43 goes into his explanation First of all all three of these cases were within the last eight years so it's not like they were a long time ago, but then the prosecutor asked him about the acquittal and Juror 43 says the acquittal was I don't know how you would characterize it. He was speeding ran into a car someone died So the prosecutor knows Serious case involving death. I want to know more about this and The prosecutor says and you guys ended up finding him not guilty And he says the person made a left turn and he ran into the person that was speeding ran into someone making a left-hand turn And the prosecutor wants to make sure this is really the acquittal because when when you listen to that explanation It doesn't really explain why they acquitted it wasn't like well The state failed to prove guilt beyond a reasonable doubt or something. That would be understandable It was this strange statement that the person made a left turn and he ran into the person that was speeding ran into someone making a left-hand turn so then the prosecutor says Criminal case to make sure that he's not confused with the civil case that juror 43 served on and then Juror 43 says yes, and then they go on to discuss the civil case. I Understand that I guess the only point I was making his even though he asked about whether or not he'd been foreman He didn't state that did he when he said no, that's correct. All right So let's just go over some of them the the basic main question here that I have for you and that is Was The Court of Appeals did they adjudicate on the merits? Yes, and tell me why despite you know the argument by by the appellant that the claim was misstated Okay, well there are four reasons First of all both of the parties briefed the claim and they had separate Subject headings for this claim and then when the Court of Appeals summarizes the claims And let me back up and before I get into this and say that just because the Court of Appeals Addresses prong two of Batson doesn't mean that it's ignoring prong three of Batson And that's really clear if you look at paragraph nine When the court says Defendant argues that this explanation was inconsistent with other challenges the prosecutor made to the prospective jury That's that's a statement that really only applies to a pretextual claim and then if you look at the concluding paragraph The court summarizes what the trial court did and then it said says we find no error And this is what it is exactly by denying defendants challenge the court Implicitly found that defendant failed to establish the state's reason was a pretext for purposeful discrimination We find no error. Ms. Vera to look at the let's look at the paragraph in between where the court is actually Thinks says at least that it's speaking to the third prong of the of the challenge Is that a? Is that when when the court says it's dealing with prong three is it actually addressing prong three on the merits? I Think it's addressing two aspects of prong three because that right had raised two arguments he said first you have to He thought that the trial court had to make explicit findings about why it found the prosecutor more credible And so when the Court of Appeals is addressing prong three under the third stage I think maybe you're talking about paragraph ten yes Under the third stage that analysis is fact-intensive and turns on the credibility of the prosecutor They're they're discussing why the trial court why there's no law that requires the trial court to explain its finding And then also at the very end they say that the the trial court implicitly found that he failed to establish pretext and that they Found no error by that and the state courts are really not required to write their decision in any particular way So I mean it may be that if any of you had sat on that panel at the Court of Appeals It would have been a much more detailed analysis well to receive EDPA deference They are required to write it in a way that allows us to determine whether they'd address the claim on the merits of course but there's actually two other reasons why you know that they addressed it on the merits and Whether or not we like how Exhaustive their reasoning was is not the same thing as saying that they didn't address it. I think they clearly addressed it here But then the second or I guess the third reason you have the parties briefing then you have the way the decision is written The third reason is that he admitted that they addressed it in his petition for review to the Arizona Supreme Court And also he did not move for reconsideration of the Court of Appeals decision Which you would really think he would have done if he had thought that they missed a claim and in his petition for review He said the Court of Appeals was willing to find The trial courts denial of petitioners Batson challenge was an implicit determination that the state's explanation was not a pretext for purposeful Discrimination and I mean to be clear he is he does say in his petition I think they should have put more analysis into this But while he's saying that he also admits that they did adjudicate it on the merits and Then the fourth reason is actually the case law There's a rebuttable presumption in habeas that even if the state court didn't address this at all Unless there's something in the state court decision to suggest that it's affirmatively not reaching this claim when a state court Addresses some but not all of the arguments that are raised Under Johnson versus Willis that you there's a rebuttable presumption that they did resolve it on the merits and I'd like to address a couple of the cases that opposing counsel mentioned The first one is echeverria and It's a Ninth Circuit case, and I think it's very distinguishable because that was a case Where the state supreme court resolved it based on the law of the case So let's say you had claims a and B and the state supreme court said we're resolving claims a and B based on the law of the case The problem was that the earlier decision that the state court was relying on in that decision the parties had only raised claim a and nobody had ever argued claim B and So it was really clear that the state court was not addressing claim B And then I'd also like to address Tarango Tarango was kind of just completely different because it was a juror misconduct case and the court found that clearly established federal constitutional law Required that if the state court assumed that contact occurred you had to go on and discuss prejudice And in fact the state court had assumed they they'd affirmatively said we assume that contact occurred but there was nothing in the decision about prejudice and so I See that my time is almost up. I wanted to ask you a question before your time Before you step back and that is can you just briefly address the comparative juror analysis argument? Mr. Kaplan was making on this. Tell me what's the difference between a split verdict and a not guilty Okay Well if the prosecutor is listening for Acquittal not guilty. They're not gonna hear it. In fact, what they're gonna hear is I convicted on a murder So the prosecutor is like, oh great convicted on a murder Come and when you compare that to juror 43 He acquitted on a serious case involving death and then when the when the Juror says the assault was split because assault in that battery. I didn't realize it's two separate things You don't hear Not guilty. You don't hear acquitted. All that you hear is this confusing ambiguous statement that might mean Now that we're thinking about this several years later and I've had a lot of time to think about it It's possible that that meant an acquittal but there's nothing in the record that would suggest that the prosecutor Interpreted it that way and they don't need to be omniscient. They have dozens of jurors to keep track of and Even if you assume that what that meant was that juror one acquitted in assault or battery it's totally reasonable for the prosecutor to have thought well a Concerned about especially because juror 43 served on three prior juries. It might be the foreman compared to juror one who Convicted in a murder case. And so that's why we would request that you affirm the district court. All right. Thank you very much Mr. Kaplan, I'll give you two minutes. Thank you your honor a few quick points as Your honor has pointed out the idea of looking back Now and saying here are some totally reasonable things. The prosecutor could have been thinking Like well, he sat on three prior juries. Maybe he thought that was significant and they all were in the last eight years maybe he thought that was significant and the Vehicular manslaughter or similar was a serious case and maybe he thought that was significant None of that is the least tiniest bit relevant to the Batson analysis ex post hypothetical rationales have zero place the Supreme Court in Miller L in many cases made that perfectly clear and Since that's the thrust of the defense of the strike. It shows how indefensible essentially the strike is it has also been argued today that the prosecutor Asked it more asked a bunch of questions to juror 43 as compared to zero questions to juror one Because he must have thought juror 43's description of juror service was confusing or unclear If you accept that logic juror one Must have screamed out for questions more than any other juror by a long stretch In fact, if you look at the full record here, the state has never even been clear to itself How many juries juror one sat on in the Court of Appeals in Arizona? The state described juror one's prior jury service as involving two separate trials two separate defendants Then in the habeas corpus case the state described it as one trial all the same Defended and then in this court the state went back to it being two trials with two separate defendants. So Juror one and in fact this morning here today The state refers to juror one's description of jury service as quote confusing ambiguous So if the defense of the differential questioning of 43 and one is well 43 was kind of unclear That certainly adds flame as adds firewood to the fire of a clear showing of pretext quickly in terms of a Judith whether it was adjudicated If you look at the Arizona Court of Appeals decision What they say is he's on Paragraph 8 they say he's making two claims. No race neutral reason was number one, which is a misstatement and Failure to procedurally undertake the analysis and then in paragraphs 9 and in paragraph 9 They addressed the first claim as they misunderstand it paragraphs 10 and 11. They addressed the second claim, which is the procedural claim So nothing in paragraphs 10 and 11 really constituted a ruling on the merits of the substantive. That's an issue. Thank you It's interesting you folks may be arguing something of a dinosaur since the Arizona Supreme Court has abolished Parentary challenges, that's very true. Your honor If there are no further questions, thank you Thank You. Mr. Kaplan, Miss Ibarra the case of Eric Wright versus Kristen Mays is now submitted
judges: MURGUIA, HAWKINS, JOHNSTONE